IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | |
|---|---|
| CHEIKH DIAW, )<br>)<br>Petitioner ) | 3:25-CV-00131-SLH |
| )<br>vs. ) | STEPHANIE L. HAINES<br>UNITED STATES DISTRICT JDUGE |
| )<br>LEONARD ODDO, et al., )<br>) | |
| Respondents ) | IN RE: ECF NO. 24 |

**ORDER**

Now pending before the Court is a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") and an emergency motion for a temporary restraining order ("TRO") or preliminary injunction ("Motion") filed by Petitioner Cheikh Diaw, an alien detainee presently detained by the United States Immigration and Customs Enforcement ("ICE") in the Moshannon Valley Processing Center ("Moshannon"). *See* ECF No. 11 (Petition); ECF No. 24 (Motion).

Petitioner is subject to a final order of removal issued on January 23, 2013. He was released on an Order of Supervision ("OSUP") on June 13, 2013. Almost twelve years later, on April 3, 2025, he was "re-detained" by Immigration and Customs Enforcement ("ICE") and has been detained at Moshannon since April 9, 2025. According to Petitioner's TRO, Respondents assert that he is a native of Senegal and that the Senegal Government is in the process of issuing travel documents for Petitioner to be deported. ECF No. 24, p. 1. However, Petitioner asserts that on July 21, 2025, he participated in a three-way video conference with Deportation Officer Phillips, an unnamed ICE Agent, and an Official at the Senegalese Embassy. ECF No. 24, p. 1. Petitioner claims that the Senegalese Officer confirmed that (1) Petitioner is not now, nor has he ever been, a citizen of Senegal; (2) the Senegalese passport number referenced by Respondents

1

was not issued to Petitioner; (3) Petitioner has never held a Senegalese Passport or birth certificate; and (4) the Senegalese Government will not be issuing travel documents. ECF No. 24, p. 2. Therefore, Petitioner asks that he be released from custody.

In light of the seriousness of the relief sought, and in accordance with the procedures set forth in Rule 65 of the Federal Rules of Civil Procedure, it is hereby ORDERED that the Government shall file and serve a written response to Petitioner's Emergency Motion for a Temporary Restraining Order no later than **4:30 PM on August 1, 2025**. Aside from any arguments the Government wishes to make, the Response shall specifically address:

A. The applicability and effect of the Petitioner's withholding of removal order under 8 U.S.C. § 1231(b) on his continued custody;

B. Whether Petitioner faces a substantial risk of irreparable harm if not released from custody;

C. Whether jurisdiction exists in this Court under 28 U.S.C. § 1331, 28 U.S.C. § 2241, or other relevant authority;

D. Whether a temporary restraining order should issue pursuant to Federal Rule of Civil Procedure 65 directing Petitioner's immediate release from custody;

E. Whether such an order should issue pursuant to this Court's inherent powers as discussed in *Lucas v. Hadden*, 709 F.2d 365 (3d Cir. 1986). *See also United States v. Mugabe*, 2025 WL 1747056, at *3 (D.N.J. June 24, 2025) ("District courts have discretion to order bail pending the outcome of habeas proceedings.") (citation omitted); *Iskhakov v. Oddo*, 2025 WL 834510, at *1 (W.D. Pa. Mar. 17, 2025).

The Petitioner may, but is not required to, file and serve a Reply to any response submitted by the Government by **4:30 PM on August 8, 2025**. The Court will schedule a hearing on the Emergency Motion for Temporary Restraining Order as necessary.

Further, in the interest of judicial efficiency and to preserve the status quo, the Court temporarily ORDERS that Petitioner not be removed from the United States or transferred to another immigration facility outside of the Western District of Pennsylvania until further order of the Court. This temporary administrative stay shall remain in effect solely to allow for resolution of the pending emergency motion and does not constitute a ruling on the merits of the motion or the Petition.

IT IS FURTHER ORDERED that Petitioner shall place security in the nominal amount of $1.00 with the Court within seven (7) days of the date of this Order. If presented as cash or check, the funds will be placed in the local Court Registry and will remain there until further order of court.

SO ORDERED and DATED this 25th day of July, 2025.

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE